IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELVIN SPEARMAN,
    Plaintiff,

v.                                          CIVIL ACTION NO. 18-CV-2595

ANGELIQUE SOTELLO, et al.,
    Defendants.

FILED JUL 27 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

SÁNCHEZ, J.                                      JULY 27, 2018

Plaintiff Melvin Spearman brings this civil action primarily against police officers, prosecutors, judges, and City employees, based on arrests and criminal proceedings in Philadelphia, as well as proceedings in family court. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Spearman leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice to Spearman filing an amended complaint.

### I.   FACTS

In his Complaint, Spearman identified the following Defendants: (1) Angelique Sotello;[1] (2) Detective Alonzo Dawson; (3) P/O Melanie Brown; (4) P/O Michael Brown; (5) P/O Kimberly Fawley; (6) Sgt. Mohan; (7) P/O Regan; (8) Denise M. Turpin (Deputy Commissioner); (9) Christopher Flacco (Chief Inspector); (10) Lieutenant John Evans; (11) Daphine Jackson-May; (12) Detective Swann; (13) P/O Robinson; (14) Catarina Valodores (Dept. Human Services); (15) Philadelphia Sheriffs Dept.; (16) Allison Fleming (Assistant District Attorney); (17) Seth Williams; (18) Judge Donna Woelopper; (19) Judge Karen Simmons; (20) P/O Kimberly Butler; (21) P/O Peterson; (22) P/O Knott; (23) P/O Corson; (24) P/O John Killen; (25) P/O Curtis

---

[1] The Complaint spells this Defendant's surname as Sotello in the caption, but as Sotelo in the body of the Complaint.

1

Matthews; (26) Monique Severio (Dept. Human Services); (27) Charlene Hightower; (28) Janice Macolon; and (29) Mary Ellen Fields (Assistant District Attorney).

Although Spearman's Complaint is vague, it indicates that he is engaged in contentious custody proceedings in family court and that he has been arrested for various criminal offenses, including violating a protection from abuse order. The Complaint indicates that Spearman was arrested five times between December 4, 2016 and December 21, 2016. He also lists five dates in 2017 where it appears he attended proceedings in family court and/or was arrested. A search of Pennsylvania's Unified Judicial System for Spearman reveals numerous criminal proceedings filed against him.

Spearman sets forth the factual basis for his claims as follows:

> Multiple arrest and harassments from police officers in the 35th police district for fabricate crimes for [violation] of a PFA order. (never serve to myself), causing charges to be file[d] against myself. Det. Dawson a friend of the individual Anglique Sotelo who placed the PFA deleted info from my cell phone while I was in custody at the police district (my cell [phone] was [confiscated] by the police officers) When I reported to police internal affairs this tampering of evidence they promise[d] to investigate however later refused to do so. Multiple arrest and harassment by friend Detective of Ms Sotelo always right before going to family court for child/custody visitation issues.

(Compl. ECF No. 2 at 13.)[2]

Spearman further alleges that the "35th District" filed false police reports against him and failed to "properly investigate a call about an accusation" that he had a gun. (*Id.*) He also contends that the Philadelphia District Attorney's Office filed false charges against him and that the Department of Human Services "failed to properly investigate abuse charges of [a] minor child," presumably his child. (*Id.*) He adds that the Sheriff's Department harassed him at family court during visitation hours with his son. In support of his claims, he notes that during court

---

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

2

proceedings, Assistant District Attorneys were seen texting "Women Against Abuse lawyers," and that "[u]nexpected last minute court room changes and last minute judge changes during a few of the court proceedings seem to bring in very bias[ed] judges." (*Id.*)

Spearman alleges that Sotello- –who appears to be the mother of his child—assaulted him and fractured his tooth. He also alleges that he has suffered "depression, stress and anxiety caused by this ongoing harassment and false accusations." (*Id.* at 15.) Spearman would like the Court to "speak with [him] concerning this lawsuit," conclude that his civil rights have been violated, and award him $300 million in damages.

## II. STANDARD OF REVIEW

Spearman is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. As Spearman is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) apply, which require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Spearman is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Constitutional Claims

The Court understands Spearman to be raising claims for violation of his constitutional

3

rights, pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Spearman's § 1983 claims fail.

### 1. Claims Against Judges

Spearman has named Judge Woelopper and Judge Simmons as Defendants in this case. Although the precise bases for his claims are unclear, his suggestion that the judges who have handled his cases are biased indicates that he is seeking to bring claims against Judges Woelopper and Simmons based on the manner in which they handled his cases. However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Accordingly, the Court must dismiss Spearman's claims against Judges Woelopper and Simmons as legally baseless if those claims are based on the manner in which those judges handled cases to which Spearman was a party.

### 2. Claims Against Prosecutors

Spearman also named as Defendants Seth Williams, the former Philadelphia District Attorney, and two Assistant District Attorneys—Allison Fleming and Mary Ellen Fields. Although he has not specifically pled how those individuals violated his rights, it appears from the Complaint that he intends to bring claims against them based on their initiation or prosecution of criminal charges against him on behalf of the Commonwealth. However, prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a

4

prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth or their supervision of other prosecutors. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). Accordingly, as it appears that Spearman's claims against Williams, Fleming, and Fields are barred by absolute prosecutorial immunity, the Court will dismiss those claims.

### 3. Claims Based on Failure to Investigate

Spearman raises several claims based on various officials' failures to investigate certain matters. However, there is no free-standing right to a government investigation. *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (quotations omitted)); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). Furthermore, Spearman cannot raise claims based on harm suffered by his minor child, if that is what he is trying to do in connection with allegations about failures to investigate child abuse. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)). Accordingly, the Court will dismiss any claims based on a failure to investigate.

### 4. Remaining Claims

Many of Spearman's claims focus on arrests, criminal prosecutions, and unspecified

5

"harassment" at the hands of police officers. However, his claims are too unspecified and vague to state a claim. Spearman may not rely on conclusory allegations—*e.g.*, that he was "harassed"--to state a claim. Rather, he must describe what happened to him. He also has not described how each of the Defendants was involved in or responsible for violating his rights, whether due to that Defendant's own misconduct or the Defendant's deliberate indifference to known deficiencies in a policy or procedure that violated his rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Spearman's failure to describe what each Defendant did or did not do is fatal to most of his claims.

Spearman's claims also fail on their merits. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. A plaintiff alleging malicious prosecution must establish that the defendants initiated a criminal proceeding against the plaintiff- -without probable cause and with malice—and that the proceeding terminated in the plaintiff's favor. *See McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009).

Here, it is not clear what Spearman was arrested for (as he mentions numerous arrests), what he was charged with, which prosecutions he is challenging, or what facts support his allegations that those arrests and criminal proceedings were improper. Although he mentions that he was charged with violating a protection from abuse order, he does not provide any other allegations about that event, including how any of the named Defendants were involved. The

6

Complaint also does not indicate whether the criminal proceedings in question resolved in Spearman's favor. Accordingly, the Complaint does not state a false arrest or malicious prosecution claim because Spearman has not provided sufficient facts to support a plausible constitutional violation. *See Smith v. Wagner*, 573 F. App'x 94, 96 n.2 (3d Cir. 2014) (per curiam) ("[B]ecause Smith did not allege that the criminal proceedings at issue ended in his favor, he failed to state a claim of malicious prosecution . . . ."); *Gebhart v. Steffen*, 574 F. App'x 156, 159 (3d Cir. 2014) (affirming dismissal of malicious prosecution claim when plaintiff "ma[de] no effort to identify the [allegedly] misrepresented facts or describe how the charges were exaggerated and baseless" as she alleged in her complaint); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").

Furthermore, if the prosecutions in question did not resolve in Spearman's favor, his claims are premature because they are not currently cognizable. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Accordingly, Spearman may not proceed on any malicious prosecution claims challenging proceedings that led to his conviction in the event that is what he is trying to do.

7

Spearman's most concrete allegation is that Detective Dawson deleted information from his cell phone while he was in police custody, which Spearman described as tampering with evidence. It is not clear when this event happened, what was deleted, or whether Spearman's success on that claim would necessarily imply the invalidity of any intact convictions.

Finally, the Complaint does not plausibly allege that Angelique Sotello can be considered a state actor for purposes of § 1983. "Merely giving information to police officers is insufficient to convert a private party into a state actor" even if the information is false. *Simmer v. Kehler*, No. 15-2285 (RBK/JS), 2015 WL 6737017, at *3 (D.N.J. Nov. 2, 2015) (collecting cases). Furthermore, as pled, the Complaint does not plausibly allege that Sotello acted jointly with any state officials to violate Spearman's rights.

### B. State Law Claims

It is possible that Spearman sought to bring an assault claim against Sotello under Pennsylvania law. The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). As it appears Spearman and Sotello are both citizens of Pennsylvania, the Court lacks jurisdiction over that claim.[3]

---

[3] The Court declines to exercise supplemental jurisdiction, having dismissed Spearman's federal claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Spearman's Complaint. However, Spearman will be given an opportunity to file an amended complaint in the event he can state a claim for relief. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
JUAN R. SANCHEZ, J.